IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**STEVEN B. GREEN,**

      **Plaintiff,**

v.                                                                      Case 2:12-cv-02787-JDT-cgc

**AT&T BILLING DEPARTMENT,**

      **Defendant.**

**REPORT AND RECOMMENDATION ON IN FORMA PAUPERIS SCREENING PURSUANT TO 28 U.S.C. § 1915 AND ORDER ON MOTION TO RECEIVE CASE STATUS**

      Before the Court is Plaintiff Steven B. Green's Motion to Receive Case Status (Docket Entry "D.E." #4). Plaintiff's pro se Complaint must also be screened under 28 U.S.C. § 1915(e)(2)(B), as Plaintiff is proceeding in forma pauperis. The instant motion is referred to the United States Magistrate Judge for determination, and the Section 1915 screening is referred for Report and Recommendation. (D.E. #5). For the reasons set forth herein, Plaintiff's Motion to Receive Case Status is GRANTED, and it is recommended Plaintiff's Complaint be DISMISSED pursuant to Section 1915.

      **I. Motion for Case Status**

      On November 7, 2012, Plaintiff filed a Motion to Receive Case Status. Plaintiff's Motion seeks an update on his case, which was filed on September 10, 2012. As the Court presently has occasion to conduct the required Section 1915 screening, the Report and Recommendation on the screening shall serve as Plaintiff's status update. Accordingly, Plaintiff's Motion to Receive Case

Status is GRANTED.

## II. Section 1915 Screening

Plaintiff's Complaint alleges violations of his civil rights pursuant to 42 U.S.C. § 1983 (Section 1983). Pursuant to 28 U.S.C. Section 1915, in proceedings in forma pauperis, notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

To successfully plead a Section 1983 claim, a plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003). "A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs*, 316 F.3d at 590 (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). The Sixth Circuit recognizes three tests for determining whether private conduct is fairly attributable to the state: (1) the public function test, which requires that the private entity exercise powers which are traditionally reserved for the state; (2) the state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state; and, (3) the nexus test, which requires a sufficiently close relationship, such as through state regulation or contract, between the state and the private actor so that the action may be attributed to the state. *Tahfs*, 316 F.3d at 591 (quoting *Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir. 1995)).

In the instant action, Plaintiff has alleged that AT&T's billing department committed violations of Section 1983. AT&T is a private company, and Plaintiff has not plead any facts suggesting that its conduct is fairly attributable to the state. Absent Plaintiff's failure to plead a deprivation caused by a person acting under color of state law, it is recommended that Plaintiff's Complaint be dismissed pursuant to Section 1915 for failure to state a claim upon which relief may be granted.

**DATED** this 12th day of June, 2013.

s/ Charmiane G. Claxton  
CHARMIANE G. CLAXTON  
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**